# IN THE SUPREME COURT OF PENNSYLVANIA
## EASTERN DISTRICT

| | |
|---|---|
| BRIAN T. BAXTER AND SUSAN T. KINNIRY | : No. 76 EM 2024 |
| v. | : |
| PHILADELPHIA BOARD OF ELECTIONS, REPUBLICAN NATIONAL COMMITTEE, AND REPUBLICAN PARTY OF PENNSYLVANIA | : |
| PETITION OF: REPUBLICAN NATIONAL COMMITTEE AND REPUBLICAN PARTY OF PENNSYLVANIA | : |
| BRIAN T. BAXTER AND SUSAN T. KINNIRY | : No. 77 EM 2024 |
| v. | : |
| PHILADELPHIA BOARD OF ELECTIONS, REPUBLICAN NATIONAL COMMITTEE, AND REPUBLICAN PARTY OF PENNSYLVANIA | : |
| PETITION OF: REPUBLICAN NATIONAL COMMITTEE AND REPUBLICAN PARTY OF PENNSYLVANIA | : |

## CONCURRING STATEMENT

**JUSTICE DONOHUE**                    **FILED: November 1, 2024**

The decision and order of the Commonwealth Court was ill timed. Thus, I agree that the decision and order must be stayed until after the General Election on November 5, 2024. Although the decision was non precedential, the county boards of election might look to it for guidance in canvassing and pre-canvassing mail in ballots in the upcoming election thus disturbing the status quo.

I am much more temperate in my reaction than my esteemed colleague Justice Dougherty to the issuance of the Commonwealth Court's decision and the litigation strategy of various parties since the Primary of 2024. There is an election in this Commonwealth approximately every six months. Undoubtedly, the appellate resolution of cases filed after the completion of one election may bump up against the next election. That is the nature of our system. I certainly would not berate interested parties, the courts of common pleas, and the intermediate appellate court for considering matters arising under the Election Code because the litigation process might take longer than some undefined, comfortable period of time before the next election.

If it is our judgment in any given case that a definitive resolution must await the completion of the next election, then, as in this case, we can take corrective action. In my view, chastising both interested parties for bringing challenges to the application of the Election Code in a completed election and the courts of common pleas and intermediate appellate court for deciding such cases is unwarranted and blind to the recurring nature of election cycles in our Commonwealth.

Chief Justice Todd joins this concurring statement.